**Jasmine BEGUM; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71776.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

Ahmed M. Abdallah, Esq., Hollywood, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, James E. Grimes, Esq., Katherine P. Scheflen, Esq., Washington, DC, for Respondent.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Lead petitioner, Jasmine Begum, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

■ The agency determined that Begum was not credible. The record does not compel a contrary conclusion. Begum's testimony was implausible and inconsistent with her supporting documentation regarding whether she was charged

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

with a crime. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005) (concluding that petitioner's testimony lacked the requisite ring of truth). Her testimony was also internally inconsistent regarding when she joined her political party and who was the leader of her political party. *See Chebchoub,* 257 F.3d at 1043 (explaining that one material inconsistency can be sufficient to support an adverse credibility determination).

■ In the absence of credible testimony, Begum failed to demonstrate eligibility for asylum, withholding of removal, or protection under the CAT. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

Begum's contention that the agency failed to analyze her CAT claim properly lacks merit.

**PETITION FOR REVIEW DENIED.**